ALVAREZ, PLAINTIFF AND APPELLANT, *v.* SUÁREZ ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action
for Annulment of Special Bequest.

No. 2463.—Decided March 7, 1922.

INHERITANCE—SPECIAL BEQUEST—CONDITIONAL BEQUEST.—In this case the tes-
tator made a special bequest in favor of one of three children named on the
condition that after the testator's death the one designated by agreement
between them or by lot should live in the family residence. *Held:* That
living in the family residence was the essential condition of the special be-
quest and the designation of the favored one by agreement or by lot a mere
incident thereof; therefore, another heir without a special bequest having
proved failure to comply with the condition, an action for the annulment of
the special bequest can be maintained even in the absence of evidence to sup-
port the allegation that there had been no agreement or drawing of lots.

ID.—ID.—ID.—When the heir favored by a conditional special bequest does not
comply with the condition within a reasonable time according to the circum-
stances of the case, counting from the time when he had knowledge of the
condition and of the death of the testator, the special bequest should be con-
sidered void.

The facts are stated in the opinion.

*Mr. L. Méndez Vaz* for the appellant.

*Messrs. C. Coll Cuchí* and *G. Cruzado Silva* for the ap-
pellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Juan Suárez Rodríguez died on June 2, 1902, in Puñil,
Province of Asturias, Spain, leaving a will made in 1893
wherein he designated as his heirs his sons and two grand-
daughters, the children of a deceased daughter. In the said
will the testator made the following special bequest:

"It is the will of the testator to make a special bequest of a
third of all his property and rights, and of another third of the
same property of which he may freely dispose, to his said sons Mar-
cial, Cándido and Herminio Suárez, the said bequest to be assigned
to the one of the three said sons who shall live and reside in the
testator's family residence at Puñil; and for this purpose the said
three sons shall agree upon the one to receive the special bequest,
or, if not, the matter shall be settled by lot; and the favored or

selected one shall receive in fee the entire special bequest, the usu-
fruct of the respective third parts passing to those who may be ex-
cluded from the said special bequest and the obligation falling on
the one selected by lot or agreement to provide for his sisters Tar-
sila and Sirena endowments equal to those given to the other sisters
Aurora and Justa, whether the said sisters marry or remain un-
married and whether they live with the brother who receives the
special bequest or elsewhere.''

Cándido Suárez, one of the sons mentioned in the special
bequest, died unmarried prior to the death of his father.

In 1919 Paz Alvarez, one of the granddaughters desig-
nated as an heir, filed a sworn complaint in the District Court
of San Juan, Section First, reciting these facts and alleg-
ing the following:

''Fifth: The plaintiff likewise avers that from the time of the
death of Juan Suárez y Rodríguez up to this date his sons Marcial
and Herminio Suárez have not yet made the designation of the
person who is to receive the special bequest referred to in count III,
nor has this designation been made by lot.

''Sixth: The plaintiff likewise avers that from the date of the
testator's death up to the present time neither Marcial nor Herminio
Suárez y Suárez has gone to live and reside in the homestead at
Puñil, the permanent residence of Marcial being in this Island as
well as that of Herminio until he recently changed his residence to
San Pedro to Macoris, Republic of Santo Domingo.

''Seventh: The plaintiff likewise avers that neither Marcial nor
Herminio Suárez has up to the present time constituted in favor
of their sisters Tarsila and Serena Suárez the endowment directed
by the testator upon making the aforesaid bequest.''

She also alleged that the greater part of the testator's
estate is situated in this Island and concluded with a prayer
that the court render judgment declaring that the special
bequest made by Juan Suárez Rodríguez in his will in favor
of his sons Marcial, Cándido and Herminio Suárez has be-
come ineffective for the reasons stated and that the property
included in the special bequest should be distributed in equal

parts among all of the heirs of the testator, with the costs against the defendants.

In their verified answer the defendants alleged that the complaint did not state facts sufficient to constitute a cause of action. They denied each and all of the allegations of the complaint and specifically alleged the making of the will by Juan Suárez Rodríguez; the date of his death; the special bequest made by him in favor of his sons Cándido, Marcial and Herminio Suárez; the death of Cándido on the date stated in the complaint, and as to the three counts herein transcribed from the complaint they made the following statement:

"VII. The defendants deny the fifth count of the complaint and aver that pursuant to the aforesaid clause making this special bequest the sons of Juan Suárez Rodríguez, Marcial and Herminio Suárez, by common consent and strictly within the conditions of said will, cast lots for the said special bequest and defendant Marcial Suárez won.

"VIII. The defendants allege that while it is true that they now reside in Porto Rico, their residence is temporary, and when they are able to return to their homestead at Puñil it is the intention of defendant Marcial Suárez to permanently reside in said Puñil where the said defendant has re-built the homestead in agreement and with the co-operation of Herminio Suárez, it being his intention to reside permanently in said place of Puñil.

"IX. The defendants deny the seventh count of the complaint."

After denying the allegation that the greater part of the estate is situated in this Island, they concluded with a prayer for the dismissal of the complaint.

While the suit was pending defendant Herminio Suárez died and was substituted by his heirs.

The evidence examined at the trial with reference to the special bequest was oral and showed that Marcial Suárez lives and has lived in this Island since before the death of his father and that the same is true of Herminio Suárez

until he recently went to live in Santo Domingo and finally died in Madrid, Spain.

The defendants having presented no evidence and the trial court being of the opinion that the burden of proving the allegations of the complaint was on the plaintiff who had not introduced any evidence to show that the designation of the heir to the special bequest had not been made by agreement or by lot, it rendered judgment dismissing the complaint.

Although the three assignments of error made by the appellant in this appeal from the judgment rendered against her are intended to show that the burden was on the defendants to prove that the conditions imposed by Juan Suárez Rodríguez in the special bequest made in his will had been fulfilled and that she was not required to prove the contrary, yet we may disregard this question because the record shows that the plaintiff proved her case, as we shall see.

The wording of the clause of the will in which the special bequest was made shows of itself that it was the desire of the testator that after his death one of his three sons should live at the family homestead in Puñil, it being indifferent to him as to which one of them should do so, for he ordered that the designation of the beneficiary was to be made by agreement among them or by lot. That condition of the special bequest has not been complied with in spite of the fact that a period of seventeen years has elapsed from the time of the death of the testator to the date of the filing of the complaint, and this fact has been shown by the plaintiff through her witnesses; therefore it can not be maintained that she did not prove the material allegation of her complaint that the condition imposed by the testator upon the special bequest that one of the said sons should live and reside in the family homestead had not been fulfilled. It is true that the plaintiff presented no evidence to show that

the heir entitled to the special bequest had not been designated by agreement or by lot, but, as we have said, that is not the condition or the consideration of the special bequest, but is an incident of it, so much so that even if the designation had been made, the special bequest would still be ineffectual, inasmuch as the designated person was not living and residing at the family homestead in Puñil. We hold the same view regarding the failure to establish the endowment in favor of the sisters Tarsila and Serena Suárez, for even if the endowment had been made the special bequest could not be effective after proof that none of the defendants lives and resides in the homestead at Puñil.

Section 783 of the Civil Code provides that a purely compulsory condition imposed upon the heir or legatee must be fulfilled by him when, after the death of the testator, he is informed thereof. Therefore, unless it appears that the heir or legatee is informed of the condition imposed upon him by the testator, it can not be said that he has failed to comply with the condition and that for that reason the special bequest made in this case is ineffectual, and as it was not alleged in the complaint that the defendants were informed of the conditional special bequest made in their favor and the defendants having demurred on the ground that the complaint did not state facts sufficient to show a cause of action, it was doubtful whether we should not sustain the demurrer and allow the plaintiff to amend the complaint; but in view of the fact that the allegations of the answer show that the defendants were informed of the condition of the special bequest made in the will, inasmuch as they allege that they made the designation by lot and it was the intention of the favored son, Marcial Suárez, to transfer his residence to Puñil, we prefer to decide the question on its merits in order to avoid delay.

As the statute provides only that the condition must be fulfilled when the heir or legatee is informed thereof after

the death of the testator, without fixing any period of time for its fulfillment, we understand that it must be fulfilled within a reasonable time according to the circumstances of each case, counting from the time when he was informed of the condition, and in the case of a special bequest made in favor of the heirs and sons of the testator, the parties favored should have been informed thereof upon the death of the testator; therefore the lapse of seventeen years until the date of the filing of the complaint can not be regarded as a reasonable time. But even if we were not justified in assuming that the defendants were informed of the special bequest at the time of the death of their father, the fact would remain that they were informed of the special bequest made in their favor at least on February 21, 1919, the date of the amended complaint (we do not know the date of the original complaint), and that as the amended answer was filed in April of 1920, the time between the two dates is more than reasonable for complying with the condition imposed by the testator.

Therefore, inasmuch as the desire and will of the testator that one of his three sons mentioned in his special bequest should live and reside at his homestead in Puñil has not been complied with by them, the said bequest must be considered ineffectual and the amount thereof should be distributed among his heirs.

The judgment appealed from should be

*Reversed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

### ON RECONSIDERATION.

On motion for reconsideration MR. JUSTICE ALDREY delivered the opinion of the court on March 23, 1922, as follows:

We are asked to reconsider our judgment in this case reversing the judgment of the lower court and to remand

the case for a new trial instead of entering final judgment ourselves.

The grounds alleged in support of this motion are that as the special bequest involved in the suit provides that one of the three brothers therein mentioned, to be designated by them by agreement or by lot, must live and reside in Puñil and give endowments to certain of his sisters, the plaintiff, who seeks to have the bequest annulled, presents her pleadings in such a manner as to raise the affirmative issue that compliance with any one of the three conditions of the bequest necessarily produces its validity; and that the court below having rendered judgment on the theory that proof of non-compliance with all three of the conditions was necessary in order to hold that the bequest was void, we varied its terms and held that it was sufficient to prove, as was done, that none of the heirs favored by the bequest lived or resided in Puñil, because that was the fundamental condition of the bequest, the other two being incidental.

The petitioner is wrong as to the first ground adduced in support of a reconsideration of the judgment, inasmuch as the plaintiff did not raise the issue in the form alleged, but merely alleged in the complaint that the defendants had not complied with any of the three provisions of the bequest, albeit an examination of the complaint does not justify the conclusion indicated.

As to our varying the theory of the court below, it is true that we construed the bequest in question differently from that court, but this is not a sufficient reason why we should refrain from rendering the judgment that ought to have been rendered by the trial court or grant a new trial wherein, in case the defendants proved the allegations of their answer, the only question would be whether after a lapse of seventeen years the mere intention of the surviving heir favored by the bequest to live in Puñil amounts to compliance with the wish of the testator that he should live and

reside there after the testator's death, and considering the facts of the case this question seems to be unimportant.

The motion for reconsideration must be

*Overruled.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.